IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Tajdar Mohammed,** | ) | |
|     Plaintiff | ) | |
| | ) | **Civil Action** |
| v. | ) | **File No. 4:25-cv-** |
| | ) | |
| **RJS Culinary, LLC;** | ) | |
| **Syed Naser Mujeeb; and** | ) | **Jury Demanded** |
| **Sofia Naheed Syed,** | ) | |
|     Defendants. | ) | |
| | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Tajdar Mohammed ("Mr. Mohammed" or "Plaintiff"), and complains of RJS Culinary, LLC; Syed Naser Mujeeb; and Sofia Naheed Syed (the "Defendants"). For cause of action, Plaintiff would respectfully show the Honorable Court as follows:

I.
INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Tajdar Mohammed files suit against the Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. The individual Defendants, Syed Naser Mujeeb and Sofia Naheed Syed, are a husband and wife team that own and manage an Indian / Pakistani restaurant doing business as "Nayaab Curry N Kabab", located at 16856 Galveston Road, Webster, Texas 77598 ("Nayaab Restaurant").

3. The Defendants employed Mr. Mohammed as a cook at Nayaab Restaurant, where he worked overtime hours during each workweek of his employment.

4. The Defendants failed to pay Mr. Mohammed's weekly overtime wages. The Defendants willfully violated 29 U.S.C. § 207(a).

1

5. Additionally, the Defendants willfully violated 29 U.S.C. §§ 206(a) and 207(a) because they failed to pay Mr. Mohammed's wages for multiple pay periods. These wages, which remain unpaid, include both straight-time and overtime wages.

6. Now, pursuant to 29 U.S.C. §§ 207(a), 206(a) and 216(b), Plaintiff sues for payment of his unpaid straight-time wages, overtime wages, liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure of the FLSA.

## II.
## SUBJECT MATTER JURISDICTION AND VENUE

7. Subject matter jurisdiction exists because Mr. Mohammed files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

8. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff, Tajdar Mohammed, is a resident of Harris County, Texas.

10. Defendant, RJS Culinary, LLC, is a Texas limited liability company owned and controlled by Mr. Syed Naser Mujeeb and his spouse, Ms. Sofia Naheed Syed, the individual Defendants herein. This Defendant may be served with summons and complaint by serving its duly appointed registered agent, Sofia Naheed Syed, at 4251 Noble Oak Trail, Houston, Texas 77059. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff; and, by operating Nayaab Restaurant, this Defendant is engaged in business in the State of Texas. As such, the Court has personal jurisdiction over this Defendant.

11. Defendant, Syed Naser Mujeeb, may be served with summons and complaint at his residence at 4251 Noble Oak Trail, Houston, Texas 77059. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Plaintiff Mohammed. Further, the Defendant resides, and is engaged in business, in the State of Texas.

Therefore, the Court has personal jurisdiction over this Defendant.

12. Defendant, <u>Sofia Naheed Syed</u>, may be served with summons and complaint at her residence at 4251 Noble Oak Trail, Houston, Texas 77059. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to an employee, namely, Plaintiff Mohammed. Further, this Defendant resides, and is engaged in business, in the State of Texas. As such, the Court has personal jurisdiction over this Defendant.

13. Whenever the complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by those Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

IV.
FLSA COVERAGE

14. In this civil action, the "relevant period" refers to the "look-back" statute of limitations period expressly set forth in the FLSA for a willful violation, which is the time-period commencing on the date three years prior to the filing of this action and continuing thereafter until time of jury verdict and judgment.

15. During the relevant period, Defendant RJS Culinary, LLC was an "employer" in accordance with the FLSA because, via its management and employees, it possessed and exercised the authority to make decisions pertaining to Mr. Mohammed's employment at Nayaab Restaurant. 29 U.S.C. § 203(d).

16. During the relevant period, Defendant Syed Naser Mujeeb was an "employer" because he possessed and exercised the authority to make decisions pertaining to Mr.

Mohammed's employment at Nayaab Restaurant. 29 U.S.C. § 203(d).

17. During the relevant period, Defendant Sofia Naheed Syed was an "employer" because she possessed and exercised the authority to make decisions pertaining to Mr. Mohammed's employment at Nayaab Restaurant. 29 U.S.C. § 203(d).

18. From January 1, 2023, until July 19, 2024, Mr. Mohammed was an "employee" at Nayaab Restaurant. 29 U.S.C. § 203(e).

19. During the relevant period, Defendants were an "enterprise" because they together owned, controlled and operated Nayaab Restaurant. 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

20. During the relevant period, Defendants were an integrated enterprise because they together owned, controlled and operated Nayaab Restaurant. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

21. During the relevant period, the Defendants (individually and collectively) were an "enterprise engaged in commerce or in the production of goods for commerce" because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

22. For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

23. During the relevant period, Plaintiff and other individuals working for the Defendants were employees "engaged in commerce or in the production of goods for commerce".

24. A majority of Defendants' employees engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state. Such goods included, without limitation, raw materials utilized to cook food, completed food items, sodas, and other drinks.

25. Further, some of Defendants' employees engaged in work that required the employees to handle / utilize out-of-state cleaning supplies in maintaining Nayaab Restaurant.

26. Additionally, some of Defendants' employees engaged in work that required the employees to utilize equipment at Nayaab Restaurant that was produced outside the state of Texas, including cash registers and computer equipment.

27. Similarly, some of Defendants' employees engaged in work that required the employees to utilize instrumentalities of interstate commerce such as credit card processing and bank transactions in receiving payments from Nayaab Restaurant's customers.

## V.
## FACTS –
## MR. MOHAMMED'S EMPLOYMENT AT NAYAAB RESTAURANT

28. The Defendants employed Mr. Mohammed as a cook at Nayaab Restaurant from January 1, 2023, until July 19, 2024.

29. Mr. Mohammed performed duties typically performed by a restaurant cook, which primarily included preparing and cooking food items, and to a lesser extent, contributing to Nayaab Restaurant's food menu choices.

30. The Defendants determined, controlled and supervised Mr. Mohammed's terms and conditions of employment. This included all decisions relating to Mr. Mohammed's wages, his pay rate, the type of work he performed, and number of hours he worked during each workweek of his employment at Nayaab Restaurant.

31. At the outset of Mr. Mohammed's employment, the individual Defendants informed Mr. Mohammed that he will be working well in excess of 40 hours a week.

32. Mr. Mohammed typically worked from 10:30 a.m. until 9:30 p.m. on a daily basis, with the exception of Tuesdays.

33. Every fifteen (15) days, Mr. Mohammed received pay via a combination of check and cash. As a result, the Defendants failed to create or maintain a complete and precise record of the wages Mr. Mohammed earned during his employment at Nayaab Restaurant.

34. Further, the Defendants failed to maintain contemporaneous, accurate and complete records indicating the amount of time Mr. Mohammed worked during each workweek of his employment at Nayaab Restaurant.

35. By choosing not to pay any overtime wages to Mr. Mohammed, the Defendants willfully violated the FLSA on a weekly basis.

36. Likewise, in a willful violation of the FLSA, the Defendants failed to pay Mr. Mohammed's wages after a certain date for multiple pay periods. These wages, which remain unpaid, include both straight-time and overtime wages.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

Violations of 29 U.S.C. §§ 206(a) and 207(a) –
Defendants' Failure to pay Plaintiff's straight-time and overtime wages

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

38. During the relevant period, the Defendants (both individually and collectively) were an "enterprise engaged in commerce or in the production of goods for commerce" because they had employees who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

39. During the relevant period, Plaintiff and other individuals working for the Defendants were employees "engaged in commerce or in the production of goods for commerce".

40. Each such employee engaged in work that required the handling and sale of goods and materials that had travelled into Texas from outside the state. Such items included, without limitation, raw materials utilized to cook food, completed food items, sodas, and other drinks. Defendants' employees also handled / utilized cleaning supplies in the maintenance of the restaurant; worked with equipment that was produced outside the state of Texas, including cash

6

registers and computer equipment; and, utilized instrumentalities of interstate commerce such as credit card processing and bank transactions in receiving payments from Nayaab Restaurant's customers.

41. Further, during each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard.

42. By working at Nayaab Restaurant as a cook, Mr. Mohammed was an "employee" of Defendant RJS Culinary, LLC, the "employer".

43. By working at Nayaab Restaurant as a cook, Mr. Mohammed was an "employee" of Defendant Syed Naser Mujeeb, the "employer".

44. By working at Nayaab Restaurant as a cook, Mr. Mohammed was an "employee" of Defendant Sofia Naheed Syed, the "employer".

45. During his employment with the Defendants at Nayaab Restaurant, Mr. Mohammed worked overtime hours on a weekly basis, and the Defendants were aware that he worked such overtime hours.

46. Mr. Mohammed was a non-exempt employee under the FLSA during his employment at Nayaab Restaurant.

47. Defendants willfully violated 29 U.S.C. § 207(a) on a weekly basis because they failed to pay Mr. Mohammed's overtime wages each week.

48. Additionally, Defendants violated 29 U.S.C. §§ 207(a) and 206(a) because they failed to pay Mr. Mohammed's wages after a certain date for multiple pay periods, which included straight-time and overtime wages.

49. Defendants also willfully violated the recordkeeping requirements of the FLSA and regulations promulgated thereunder.

50. Mr. Mohammed now sues to recover all of his unpaid straight-time and overtime wages. In addition, Mr. Mohammed sues to recover liquidated damages in an amount equal to his unpaid straight-time and overtime wages.

51. Further, Mr. Mohammed seeks attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

52. Mr. Mohammed seeks post-judgment interest, to be assessed on all damages.

## VII.
## JURY DEMAND

53. Mr. Mohammed demands a jury trial.

## VIII.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Tajdar Mohammed respectfully requests that upon final hearing the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants RJS Culinary, LLC; Syed Naser Mujeeb; and Sofia Naheed Syed, as follows:

a. Declare the Defendants violated 29 U.S.C. § 207(a) because they failed to pay Plaintiff's overtime wages;

b. Declare the Defendants violated 29 U.S.C. § 206(a) because they failed to pay Plaintiff's straight-time wages;

c. Declare the Defendants' violations of the FLSA are willful;

d. Order Defendants to pay Mr. Mohammed's unpaid straight-time and overtime wages, as determined by the jury at trial;

e. Order Defendants to pay liquidated damages in an amount equal to Mr. Mohammed's unpaid straight-time and overtime wages;

f. Order Defendants to pay Mr. Mohammed's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and,

g.     Order the Defendants to pay post-judgment interest, accessed on all amounts comprising the Final Judgment, pursuant to 28 U.S.C. §1961, which requires that such annually compounded interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
        **Salar Ali Ahmed**
        Federal Id. No. 32323
        State Bar No. 24000342
        430 W. Bell Street
        Houston, Texas 77019
        Telephone: (713) 898-0982
        Email: aahmedlaw@gmail.com

**Attorney for Plaintiff,**
**Tajdar Mohammed**