**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TAJDAR MOHAMMED, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:25-cv-00134 |
| | § | JURY DEMANDED |
| RJS CULINARY, LLC, | § | |
| SYED NASER MUJEEB, and | § | |
| SOFIA NAHEED SYED | § | |
|     Defendants. | § | |
| | § | |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants, RJS Culinary, LLC, Syed Naser Mujeeb, and Sofia Naheed Syed (collectively, "Defendants") file this Answer in response to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Tajdar Mohammed ("Mohammed" or "Plaintiff").

**I. Answer**

1.1.    Defendants admit Plaintiff Tajdar Mohammad files this suit against Defendants under the FLSA but deny the remainder of the allegations in Paragraph 1 of the Complaint.

1.2.    Defendants deny the allegations in Paragraph 2 of the Complaint.

1.3.    Defendants deny the allegations in Paragraph 3 of Complaint.

1.4.    Defendants deny the allegations in Paragraph 4 of the Complaint.

1.5.    Defendants deny the allegations in Paragraph 5 of the Complaint.

1.6.    Defendants admit Plaintiff has filed suit under the FLSA but deny the allegations in Paragraph 6 of the Complaint.

1.7.    Defendants deny the allegations in Paragraph 7 of the Complaint.

1.8. Defendants admit that venue is proper in the Southern District of Texas but the deny the remainder of the allegations in Paragraph 8 of the Complaint.

1.9. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

1.10. Defendants admit RJS Culinary, LLC may be served with summons and complaint by serving its registered agent, Sofia Naheed Syed, at 4251 Noble Oak Trail, Houston, Texas 77059 but deny the remainder of the allegations in Paragraph 10 of the Complaint.

1.11. Defendants admit Syed Naser Mujeeb may be served with summons and complaint at his residence at 4251 Noble Oak Trail, Houston, Texas 7709 but deny the remainder of the allegations in Paragraph 11 of the Complaint.

1.12. Defendants admit Sofia Naheed Syed may be served with summons and complaint at her residence at 4251 Noble Oak Trail, Houston, Texas 77059 but deny the remainder of the allegations in Paragraph 12 of the Complaint.

1.13. Paragraph 13 of the Complaint does not require a response, but to the extent a response is necessary, Defendants deny the allegations in Paragraph 13 of the Complaint.

1.14. Paragraph 14 of the Complaint does not require a response, but to the extent a response is necessary, Defendants deny the allegations in Paragraph 14 of the Complaint.

1.15. Defendants admit RJS Culinary, LLC was an employer as that term is defined in the FLSA but deny it was subject to the FLSA, and deny the remainder of the allegations in Paragraph 15 of the Complaint.

1.16. Defendants deny the allegations in Paragraph 16 of the Complaint.

1.17. Defendants deny the allegations in Paragraph 17 of the Complaint.

1.18. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18 of the Complaint.

1.19. Defendants deny the allegations in Paragraph 19 of the Complaint.

1.20. Defendants deny the allegations in Paragraph 20 of the Complaint.

1.21. Defendants deny the allegations in Paragraph 21 of the Complaint.

1.22. Defendants deny the allegations in Paragraph 22 of the Complaint.

1.23. Defendants deny the allegations in Paragraph 23 of the Complaint.

1.24. Defendants deny the allegations in Paragraph 24 of the Complaint.

1.25. Defendants deny the allegations in Paragraph 25 of the Complaint.

1.26. Defendants deny the allegations in Paragraph 26 of the Complaint.

1.27. Defendants deny the allegations in Paragraph 27 of the Complaint.

1.28. Defendants deny the allegations in Paragraph 28 of the Complaint.

1.29. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 29 of the Complaint.

1.30. Defendants deny the allegations in Paragraph 30 of the Complaint.

1.31. Defendants deny the allegations in Paragraph 31 of the Complaint.

1.32. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 31 of the Complaint.

1.33. Defendants lack knowledge or information sufficient to form a belief about whether, every fifteen (15) days, Mr. Mohammed received pay via a combination of check and cash and deny the remainder of the allegations in Paragraph 33 of the Complaint.

1.34. Defendants deny the allegations in Paragraph 34 of the Complaint.

1.35. Defendants deny the allegations in Paragraph 35 of the Complaint.

1.36. Defendants deny the allegations in Paragraph 36 of the Complaint.

1.37. Paragraph 37 of the Complaint does not require a response, but to the extent a response is necessary, Defendants deny the allegations in Paragraph 37 of the Complaint.

1.38. Defendants deny the allegations in Paragraph 38 of the Complaint.

1.39. Defendants deny the allegations in Paragraph 39 of the Complaint.

1.40. Defendants deny the allegations in Paragraph 40 of the Complaint.

1.41. Defendants deny the allegations in Paragraph 41 of the Complaint.

1.42. Defendants admit Mr. Mohammed was an "employee" as that word is defined in the FLSA but deny RJS Culinary, LLC is subject to the FLSA and deny the remainder of the allegations in Paragraph 42 of the Complaint.

1.43. Defendants deny the allegations in Paragraph 43 of the Complaint.

1.44. Defendants deny the allegations in Paragraph 44 of the Complaint.

1.45. Defendants deny the allegations in Paragraph 45 of the Complaint.

1.46. Defendants deny the allegations in Paragraph 46 of the Complaint.

1.47. Defendants deny the allegations in Paragraph 47 of the Complaint.

1.48. Defendants deny the allegations in Paragraph 48 of the Complaint.

1.49. Defendants deny the allegations in Paragraph 49 of the Complaint.

1.50. Defendants deny the allegations in Paragraph 16 of the Complaint.

1.51. Defendants admit Mr. Mohammed seeks attorney's fees and costs but deny the remainder of the allegations in Paragraph 51 of the Complaint.

1.52. Defendants admit Mr. Mohammed seeks post-judgment interest but deny the remainder of the allegations in Paragraph 52 of the Complaint.

1.53.    Paragraph 53 of the Complaint does not require a response, but to the extent a response is necessary, Defendants deny the allegations in Paragraph 53 of the Complaint.

## II.  AFFIRMATIVE DEFENSES, DEFENSES, AND OTHER RESPONSES

Without assuming the burden of proof other than as required by law, Defendants assert the following defenses, affirmative defenses, and/or other responses to Plaintiff's claims:

2.1.    The Complaint fails, in whole or in part, to state claims upon which relief can be granted.

2.2.    Although Defendants deny liability, to the extent any violations of the Fair Labor Standards Act ("FLSA") are found, Plaintiff is not entitled to liquidated damages because, at all times relevant to this lawsuit, Defendants acted in good faith and in conformity with, and reliance on, applicable case law, administrative regulations, orders, rulings, approvals, interpretations, illustrated practices, and/or enforcement policies of the Wage and Hour Division of the United States Department of Labor or other applicable authority.

2.3.    Without assuming any burden of proof, Plaintiff was fully compensated for all hours worked in accordance with the FLSA. If Defendants failed to pay any required overtime wages, although such is not admitted and is expressly denied, Plaintiff cannot demonstrate that such failure constituted a willful violation of the FLSA or any other law. Plaintiff is not entitled to any liquidated damages or interest as Defendants acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA or any other law.

2.4.    Defendants did not knowingly, willfully, or with reckless disregard violate the FLSA with respect to Plaintiff. The relevant pay practices have been implemented in good faith and were not the subject of previous complaint with Defendants.

2.5.    Plaintiff's claims, and the claims, are barred, in whole or in part, by the applicable two-year statute of limitations. See 29 U.S.C. § 255(a).

2.6.    If a three-year statute of limitations is held to apply, which Defendants expressly deny, Plaintiff's claims, are barred, in whole or in part, by the applicable three-year statute of limitations.

2.7.    Plaintiff's claims are barred, in whole or in part, or should otherwise be offset, by the after-acquired evidence doctrine.

2.8.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, quasi-estoppel, laches, wavier, and/or unclean hands.

2.9.    Defendants assert the defense of offset.

2.10.    Although Defendants deny liability, the claims of Plaintiff are further barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in: (i) walking, riding, or traveling to and from the actual place he performed the principal activities he was employed to perform, or (ii) activities which were preliminary or postliminary to his principal activities.

2.11.    Plaintiff has failed to mitigate any damages he allegedly suffered.

2.12.    Plaintiff cannot recover overtime for time periods which fall within the "de minimis" exception. Any time periods are insubstantial, insignificant, or, as a practical matter, could not have been precisely recorded so that Plaintiff is precluded from recovery.

2.13.    Plaintiff's claims are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

2.14. To the extent Plaintiff was paid compensation beyond that to which he was entitled during his employment, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

2.15. Defendants assert Plaintiff was subject to the executive exemption.

2.16. Defendants assert Plaintiff was subject to the administrative exemption.

2.17. To the extent Plaintiff worked overtime hours they were not authorized by Defendants.

2.18. Defendants assert the defense of waiver.

2.19. Defendants are entitled to an offset or credit for meals provided to Plaintiff.

2.20. In addition to the foregoing defenses, Plaintiff's claims may be subject to additional defenses, which may become apparent in the course of discovery. Defendants reserve the right to seek amendment of this answer as may be necessary in the future.

## PRAYER

WHEREFORE, Defendants request Plaintiff Tajdar Mohammed's claims against them be dismissed; that Plaintiff takes nothing; and that Defendants be awarded their costs and such other relief to which they may be justly entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By:  **/s/ G. SCOTT FIDDLER**
     G. SCOTT FIDDLER
     *Attorney-in-Charge*
     Texas State Bar No. 06957750
     Federal ID No. 12508
     sfiddler@jw.com
     CRESPIN LINTON II
     Texas Bar No. 24143122
     Federal ID No. 3900284
     clinton@jw.com
     JACKSON WALKER L.L.P.
     1401 McKinney Street, Suite 1900
     Houston, Texas  77010
     Telephone: (713) 752-4217
     Facsimile: (713) 752-4221

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on February 11, 2025, to the following:

Salar Ali Ahmed
ALI  S. AHMED, P.C.
430 W. Bell Street
Houston, Texas 77019
Email: aahmedlaw@gmail.com

     **S/ G. SCOTT FIDDLER**
     G. SCOTT FIDDLER